```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES ROWAN, et al.,            :    CIVIL ACTION
                                :    NO. 11-7575
      Plaintiffs,               :
                                :
v.                              :
                                :
STATE FARM MUTUAL AUTOMOBILE    :
INSURANCE CO.,                  :
                                :
      Defendant.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              June 20, 2012

## I. INTRODUCTION

Plaintiffs James Rowan, Lorraine Rowan, Thomas Lynch, and Darlene Lynch (collectively, "Plaintiffs") bring this declaratory judgment action against Defendant State Farm Mutual Automobile Insurance Company ("Defendant"). Plaintiffs' Complaint seeks a declaratory judgment that their insurance policy with Defendant has uninsured motorist and stacking benefits. Defendant answered denying all averments and asserting that Plaintiffs waived in writing their rights to uninsured motorist benefits.

Currently before the Court is Plaintiffs' Motion for Judgment on the Pleadings.  For the reasons that follow, the Court will deny Plaintiffs' Motion.

## II. BACKGROUND[1]

Plaintiffs James Rowan and Lorrain Rowan are married, husband and wife, and reside in Philadelphia, Pennsylvania. Plaintiffs Thomas Lynch and Darlene Lynch are married, husband and wife, and reside in Philadelphia, Pennsylvania.  Defendant is an insurance company and is a citizen of the State of Illinois.[2] On February 8, 2006, Plaintiff James Rowan purchased a motor vehicle insurance policy from Defendant that covered a 2001 Dodge Durango Sport Wagon.  On that date, Plaintiff James Rowan signed a rejection of Uninsured Motorist Protection Form.  That form provided as follows:

> By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household.  Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the

---

[1] **In accordance with the appropriate standard of review, see infra Part III, the facts in this section are taken from the pleadings and viewed in the light most favorable to Defendant.**

[2] Jurisdiction in this Court is founded upon diversity of citizenship.  See 28 U.S.C. § 1332(a) (2006).

> negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.
>
> Signature of First Named Insured          Date

Plaintiffs' Compl. Ex. C, ECF No. 11.  Also on the same page as this waiver form was a provision Plaintiffs call the "in futuro" clause.  This clause provides as follows:

> First Named Insured _____ Policy Number _____
>
> Date _____ Agent's Code ____
>
> I understand that this acknowledgment of coverage rejection shall be applicable, as of the date specified above, to the policy of insurance identified above or for which application is being made, on all replacement policies and on all renewals of either this policy or any replacement policy, unless I request in writing a different selection for such coverage.

Id.  On August 6, 2009, Plaintiffs James and Lorraine Rowan added a 2008 Honda Accord to Plaintiffs' automobile insurance policy.

Before June 10, 2010, Plaintiffs Thomas and Darlene Lynch were family members and resided in the same house as Plaintiffs James and Lorraine Rowan.  On June 10, 2010, Plaintiff Thomas Lynch was operating the 2001 Dodge Durango with the permission of Plaintiffs James and Lorraine Rowan.  On that same day, an unidentified vehicle caused Plaintiff Thomas Lynch to swerve and collide with a tree; he sustained several injuries as a result.  On October 31, 2010, Plaintiff Thomas Lynch made a request of Defendant for uninsured motorist benefits due under

3

the policy.  Defendant denied this request because Plaintiffs had waived uninsured motorist protection.

On November 8, 2011, Plaintiffs filed their Complaint in the Court of Common Pleas of Philadelphia County seeking a declaration that the policy provided for $200,000 in stacked uninsured motorist benefits.  See Notice of Removal, ECF No. 1. After being served with the Complaint on November 21, 2011, Defendant timely removed the action to this Court on December 9, 2011.  Id.  On December 13, 2011, Defendant filed an Answer to Plaintiffs' Complaint.  ECF No. 6.  On March 15, 2012, Plaintiffs filed a motion for judgment on the pleadings.  ECF No. 11. Defendant responded in opposition.  ECF No. 13.  Plaintiffs filed a reply to this response.  ECF Nos. 14, 15.  The motion is now fully briefed and ripe for disposition.

**III. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that a party may move for a judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c).  "'Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'"  Rosenau v. Unifund Corp., 539

F.3d 218, 221 (3d Cir. 2008) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)). Furthermore, under Rule 12(c) the Court looks to only the pleadings and views "'the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.'"  Id. (quoting Jablonski, 863 F.2d at 290-91).

**IV. DISCUSSION**

Plaintiffs present two arguments why a judgment on the pleadings is appropriate in this case.  First, Plaintiffs argue that by including the in futuro clause on the same page as the related uninsured motorist waiver, Defendant impermissibly altered the waiver and it is now void.  Second, Plaintiffs argue that even if it is permissible to place such a clause on the same page as the uninsured motorist waiver, Plaintiffs never signed the in futuro clause; therefore, it is unenforceable.  The Court addresses each argument in turn and finds both unavailing.

    A.    <u>Whether the In Futuro Clause Voids the Uninsured Motorist Waiver</u>

Plaintiffs argue that Defendant's inclusion of the _in futuro_ clause on the same page as the uninsured motorist waiver voids the uninsured motorist waiver because the _in futuro_ clause impermissibly alters the uninsured motorist waiver. In particular, Plaintiffs argue that because the _in futuro_ clause specifically relates to the uninsured motorist waiver, it therefore adds to that waiver's language, which is not allowed under Pennsylvania law.

Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL") requires insurers to offer uninsured motorist coverage. See 75 Pa. Cons. Stat. Ann. § 1731(a) (West 2012). Pertinent here, an insured may reject this coverage, but this rejection must specifically comply with the following statutory provision:

> Uninsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles. The named insured shall be informed that he may reject uninsured motorist coverage by signing the following written rejection form:
>
> REJECTION OF UNINSURED MOTORIST PROTECTION
>
> > By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of

>    a driver who does not have any insurance to pay
>    for losses and damages. I knowingly and
>    voluntarily reject this coverage.
>
>               Signature of First Named Insured
>
>                              Date

Id. § 1731(b). In addition, the statute provides the following details about how this waiver is effectuated:

> Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any rejection form that does not specifically comply with this section is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits. On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists. Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.

Id. § 1731(c.1). In this case, it is undisputed that Defendant provided the appropriate uninsured motorist waiver form, and that Plaintiffs signed this form. This form was at the top of the page, included Plaintiff James Rowan's signature, and was outlined in a box. See Pls.' Compl. Ex. C. Its wording, within this box, was exactly as required by § 1731(b). Lower on the

7

same page, in a separately outlined box, was the following additional provision — the in futuro clause:

> First Named Insured _____   Policy Number _____
> Date _____   Agent's Code \_\_\_\_
>
> I understand that this acknowledgment of coverage rejection shall be applicable, as of the date specified above, to the policy of insurance identified above or for which application is being made, on all replacement policies and on all renewals of either this policy or any replacement policy, unless I request in writing a different selection for such coverage.

Id.

Under the current interpretation of § 1731, for an uninsured motorist waiver to be valid, an insurer may not in any way alter the language of the waiver. Jones v. Unitrin Auto & Home Ins. Co., 40 A.3d 125, 131 (Pa. Super. Ct. 2012). Even the inclusion of one word for clarification purposes will render the waiver void. See Robinson v. Travelers Indem. Co. of Am., No. 11-5267, 2012 WL 677007, at *2 (E.D. Pa. Feb. 29, 2012). Plaintiffs argue that because Defendant included the related in futuro provision on the same page as the uninsured motorist waiver, this added "58 words" to the uninsured motorist waiver and runs afoul of the law in Jones. The Court is not persuaded.

Both Jones and Robinson, Plaintiffs' two principal cases in support of their position, involved uninsured motorist waivers that had additional words directly added to the language

above where the insured signed.  That is not the case here.
Although admittedly related to the uninsured motorist waiver, the
in futuro clause is a distinct and separate clause, albeit on the
same page as the uninsured motorist waiver.  Under the
circumstances here, the uninsured motorist waiver is not void.

The Pennsylvania Supreme Court was presented with a
similar issue in Winslow-Quattlebaum v. Maryland Insurance Group.
752 A.2d 878 (Pa. 2000).  Aptly, it explained, "The sole issue
before this Court is whether an insured's rejection of
underinsured motorist benefits must appear alone on a page in the
insurance application to be valid pursuant to 75 Pa.C.S. §
1731(c.1)."[3]  Id. at 879.  In that case, the underinsured
motorist waiver appeared on the same page as the underinsured
stacking benefits waiver.  The court explained that the statute
only requires the uninsured waiver and the underinsured waiver to
be on separate pages from each other, but does not prevent the
uninsured waiver or the underinsured waiver to have other
provisions on the same page.  Id. at 880-81.

---

[3]

While the issue before the court in Winslow-Quattlebaum
was the underinsured motorist waiver, and this case involves the
uninsured motorist waiver, it is a distinction without a
difference.  Section 1731 governs and provides the framework for
both waivers.  And, subsection c.1 covers both uninsured and
underinsured motorist waivers.  See 75 Pa. Cons. Stat. Ann. §
1731(c.1).

Therefore, in this case, there is nothing in the statute that would prevent the in futuro clause from appearing on the same page as the uninsured motorist waiver. Indeed, and as explained by the Court in Winslow-Quattlebaum, the statute requires the uninsured motorist waiver to appear "in prominent type and location" within the insurance contract. 75 Pa. Cons. Stat. Ann. § 1731(c.1). If the uninsured motorist waiver had to appear on the page alone, the requirement for the provision to appear in "prominent type and location" would be surplusage. Winslow-Quattlebaum, 752 A.2d at 881.

Plaintiffs argue that Winslow-Quattlebaum is distinguishable. Plaintiffs argue that Winslow-Quattlebaum involved "two separate and distinct statutory concepts — underinsured motorist coverage (§ 1731) and stacking (§ 1738)," and whether those two provisions could be included on the same page. Pls.' Reply Br. 2, ECF No. 14. Here, however, Plaintiffs argue that the in futuro clause and the uninsured motorist clause are related. Plaintiffs also argue that the court in Winslow-Quattlebaum stressed that the form used by the defendant in that case, which included the underinsured motorist waiver and stacking benefits waiver, had been approved by the Pennsylvania Insurance Department, and the court deferred to that department's approval. Both of these distinctions are without a difference.

Whether the two provisions in this case — the in futuro clause and the uninsured motorist clause — are related has no effect on the force of Winslow-Quattlebaum's holding. Based on the statute's plain language, the court held that "[t]here is nothing in the language of section 1731(c.1) to suggest that the required rejection statement for [uninsured motorist] or [underinsured motorist] coverage must stand alone on a page without any other writing." 752 A.2d at 880-81. The only requirement is that the uninsured motorist and underinsured motorist coverage appear on separate pages from each other. This makes sense, as both are separate coverage options that each must independently be offered to an insured. See 75 Pa. Cons. Stat. Ann. § 1731(a); Winslow-Quattlebaum, 752 A.2d at 882. Therefore, the relatedness of the in futuro clause to the uninsured motorist waiver is not dispositive here.

The same is true of the Pennsylvania Insurance Department's approval in Winslow-Quattlebaum. While the court in Winslow-Quattlebaum found that approval supportive of its holding, it was clear that based upon the plain language of § 1731 alone "there is no prohibition to having rejection of [underinsured motorist] benefits and [underinsured motorist] stacking benefits appear on the same official form." Winslow-Quattlebaum, 752 A.2d at 881. Accordingly, there is nothing to

11

prevent Defendant from placing the <u>in</u> <u>futuro</u> clause on the same page as the uninsured motorist waiver.  Both clauses are separate and distinct in their appearance, as required by the statute.  <u>See</u> 75 Pa. Cons. Stat. Ann § 1731(c.1) ("Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in <u>prominent</u> <u>type</u> <u>and</u> <u>location</u>." (emphasis added)).  Therefore, the <u>in</u> <u>futuro</u> clause does not impermissibly add language to the uninsured motorist waiver and its appearance on the same page does not render the uninsured motorist waiver void.

    B.   <u>Whether the In Futuro Clause is Enforceable</u>

In the alternative, Plaintiffs argue that they never signed the <u>in</u> <u>futuro</u> clause and this lack of signature renders the clause unenforceable.  Therefore, without a signed <u>in</u> <u>futuro</u> clause, Plaintiffs argue that there was no uninsured motorist waiver in effect at the time of the accident on June 10, 2010.

On the pleadings alone, Plaintiffs fail to carry their burden of establishing that the <u>in</u> <u>futuro</u> clause is unenforceable.  The <u>in</u> <u>futuro</u> clause is completely separate from the uninsured motorist waiver and has no signature line. Specifically, the clause provides:

    First Named Insured _____   Policy Number _____
    Date _____    Agent's Code \_\_\_\_

> I understand that this acknowledgment of coverage rejection shall be applicable, as of the date specified above, to the policy of insurance identified above or for which application is being made, on all replacement policies and on all renewals of either this policy or any replacement policy, unless I request in writing a different selection for such coverage.

Pls.' Compl. Ex. C.  Plaintiffs argue that the <u>in futuro</u> clause's language indicates that it must be signed.  Defendant argues that this provision is merely administrative and that Plaintiffs' signature is not required.  While Plaintiffs' argument has some appeal, on the face of the pleadings, the Court cannot say as a matter of law that it carries the day.

Accordingly, Plaintiffs fail to show there are no genuine issues of material fact as to whether their uninsured waiver is void and their motion will be denied.

**V.   CONCLUSION**

For the reasons set forth above, the Court will deny Plaintiffs' Motion for Judgment on the Pleadings.  An appropriate order will follow.